FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2015 MAY -4 PM 4: 16
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| vs. | * | CR 312-003-5 |
| | * | |
| ANTONIO SMILEY | * | |

# ORDER

In the captioned criminal matter, Defendant Antonio Smiley has filed a motion for reconsideration of a prior order denying a sentence reduction under 18 U.S.C. § 3582(c)(2). In particular, Smiley asks for reconsideration of an Order dated January 28, 2015, which concluded that Amendment 782 to the United States Sentencing Guidelines affords Smiley no relief because he was sentenced as a career offender under U.S.S.G. § 4B1.1(b)(2).

In his present motion, Smiley takes issue with the fact that he was sentenced as a career offender because he received a U.S.S.G. § 5K1.1 departure for his substantial assistance to the Government and because the Court stated at the sentencing hearing that if Smiley returned to federal court, he "will be considered, no doubt, a career offender." (Doc. No. 734, Sentencing Tr. at 29.) Smiley contends that these facts demonstrate that he was sentenced pursuant to the drug

quantity tables of U.S.S.G. § 2D1.1, which have been lowered by Amendment 782. Because Smiley received a sentence of 120 months, a sentence below the 188-235 month guideline range, he surmises: "It appeares (sic) that the Court granted a departure under the U.S.S.G. and selected a sentence from a range under § 2D1.1 . . . ." (Doc. No. 823, at 4.)

The Court has once again reviewed Smiley's Presentence Investigation Report. The PSI bears out the fact that, contrary to Smiley's contention, the Court did not select a guideline range from the drug quantity tables but determined his sentencing range under the Career Offender table located under U.S.S.G. § 4B1.1(b). The downward departure for substantial assistance under U.S.S.G. § 5K1.1 did not alter this Court's determination that Smiley was a career offender; it simply provided the Court a mechanism by which it could *depart from* the career offender guideline range.[1] Again, Smiley's status as a career offender was *then* and remains *now* unchanged-he is a career offender. Accordingly, Amendment 782

---

[1] Further, the Court's comment about Smiley's future status may imply that it did not recognize Smiley as a career offender on the day of sentencing in this case. This implication, however, is clearly belied by the Presentence Investigation Report. The Court's mistaken aside did not affect Smiley's status as a career offender at sentencing.

2

did not lower Smiley's offense level; and he is therefore ineligible for relief under that amendment. See United States v. Hippolyte, 712 F.3d 535, 542 (11th Cir. 2013) ("Section 3582(c)(2) does not authorize a sentence reduction if a guidelines amendment does not have the effect of reducing the defendant's sentence."); United States v. Lawson, 686 F.3d 1317, 1321 (11th Cir. 2012) (stating that § 3582(c)(2) does not authorize a reduction in sentence where the defendant's total offense level and guideline range is based on § 4B1.1 as a career offender, and not § 2D1.1, and the subsequent reduction applies to the base offense levels in § 2D1.1, but not § 4B1.1).

Upon the foregoing, Smiley's motion for reconsideration (doc. no. 823) is hereby **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this ___ day of May, 2015.

_____
UNITED STATES DISTRICT JUDGE