IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| vs. | * | CR 312-003-5 |
| | * | |
| ANTONIO SMILEY | * | |

**O R D E R**

In the captioned criminal matter, Defendant Antonio Smiley's motion to reduce sentence under 18 U.S.C. § 3582(c)(2) was denied on January 28, 2015. His subsequent motion for reconsideration was denied on May 4, 2015. Smiley simply is not entitled to relief under Amendment 782 of the United States Sentencing Guidelines because he was sentenced as a career offender under U.S.S.G. § 4B1.1(b)(2).

Undeterred, Smiley has filed another motion to reduce sentence, arguing that because he was given a Section 5K1.1 reduction based upon substantial assistance at sentencing, he is somehow entitled to a reduction now. He states that because he provided substantial assistance, it "places him in a different category of other offenders that are career criminals but did not provide substantial assistance." (Doc. No. 846, at 3.) The only law that Smiley cites in support of

this erroneous proposition is Amendment 780 to the United States Sentencing Guidelines.

A court may modify a sentence once it has been imposed if the sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Section 3582(c)(2) is only triggered, however, by an amendment listed in U.S.S.G. § 1B1.10(c). Amendment 780 is not a listed amendment in U.S.S.G. § 1B1.10(c). Consequently, the Amendment does not entitle Smiley to a sentence reduction.

Smiley misconstrues the purpose of Amendment 780. Upon the implementation of Amendment 750, which revised the drug quantity tables for offenses involving crack cocaine and which was made retroactive through Amendment 759, the question arose of whether a defendant who had received a departure below the mandatory minimum because of substantial assistance was eligible for a reduction under Amendment 750. Amendment 780 reflects a policy decision of the United States Sentencing Commission that such defendants are eligible. As already explained to Smiley, however, these amendments apply to defendants who have been sentenced under the drug quantity tables. Smiley has not. He was sentenced as a career offender. Accordingly, any changes to the drug quantity tables, whether they were accomplished through Amendment 750

2

or 782, are not applicable to Smiley. Amendment 780 does nothing to change that result.

Upon the foregoing, Defendant Antonio Smiley's second motion for reconsideration of the denial of his 18 U.S.C. § 3582(c)(2) motion (doc. no. 846) is hereby **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 3rd day of June, 2015.

_____
UNITED STATES DISTRICT JUDGE