IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| ANTONIO SMILEY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV 316-021 |
| ) | (Formerly CR 312-003) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Petitioner Antonio Smiley, an inmate at Williamsburg Federal Correctional Institution in Salters, South Carolina, filed with this Court a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Within the § 2255 motion, he requests appointment of counsel. The matter is before the Court for an initial review of Petitioner's motion as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that the request for appointment of counsel be **DENIED**, the § 2255 motion be **DISMISSED** as untimely, and this civil action be **CLOSED**.

**I. BACKGROUND**

On July 11, 2012, the grand jury in the Southern District of Georgia charged Petitioner and twenty-one co-defendants in a twelve-count indictment that also included a forfeiture allegation. United States v. Smiley, CR 312-003, doc. no. 1 (S.D. Ga. July 11, 2012) (hereinafter "CR 312-003"). The indictment named Petitioner in Count One,

Conspiracy to Possess with Intent to Distribute 500 Grams or More of Cocaine and 280 Grams of Cocaine Base, in violation of 21 U.S.C. § 841(a)(1), and in Count Eight, Possession with Intent to Distribute a Quantity of Cocaine, in violation of 21 U.S.C. § 841(a)(1). Id.

On October 18, 2012, Petitioner, represented by attorney Paul H. Threlkeld, pled guilty to a lesser included offense of Count One, Conspiracy to Possess with Intent to Distribute Cocaine over 500 Grams, in violation of 21 U.S.C. § 846. Id., doc. nos. 419-21. In exchange, the government agreed to not oppose a recommendation for acceptance of responsibility under U.S.S.G. § 3E1.1(a), move for an additional one level decrease under U.S.S.G. § 3E1.1(b), consider filing a "substantial assistance" motion for downward departure under U.S.S.G. § 5K1.1, and dismiss the remaining count. Id., doc. no. 420, pp. 1-3.

Petitioner's plea agreement also included a broad appeal and collateral attack waiver that stated in relevant part:

> To the maximum extent permitted by federal law, the Defendant voluntarily and expressly waives the right to appeal the conviction and sentence and the right to collaterally attack the conviction and sentence in any post-conviction proceeding, including a § 2255 proceeding, on any ground, except that: the Defendant may file a direct appeal of his sentence if it exceeds the statutory maximum; and the Defendant may file a direct appeal of his sentence if, by variance or upward departure, the sentence is higher than the advisory sentencing guideline range as found by the sentencing court. The Defendant understands that this Plea Agreement does not limit the Government's right to appeal, but if the Government appeals the sentence imposed, the Defendant may also file a direct appeal of the sentence.

Id. at 5-6.

Upon entry of the guilty plea, the United States Probation Office prepared a Presentence Investigation Report ("PSI") which set Petitioner's Total Offense Level at thirty one, Criminal History Category at VI, and Guideline imprisonment range at 188 to 235 months. PSI ¶ 26, 39, 62. Petitioner was found to be a career offender under U.S.S.G. § 4B1.1(a) because he was at least eighteen years old at the time of the offense of conviction; his offense conviction was a felony controlled substance offense, and Petitioner had at least two prior convictions either for a crime of violence or a controlled substance offense. PSI ¶ 23. The statutory maximum term of imprisonment for conviction of the lesser included offense of Count One was forty years. 21 U.S.C. §§ 846 and 841(b)(1)(B); PSI ¶ 61.

Prior to sentencing, the government moved for a downward departure pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e). CR 312-003, doc. no. 651. On September 27, 2013, United States District Judge Dudley H. Bowen, Jr., sentenced Petitioner below the advisory guideline range to 120 months imprisonment. Id., doc. no. 689. Judgment was entered on October 8, 2013. Id. Petitioner did not file a direct appeal, but he has filed several unsuccessful motions for reduction of his below-guideline range sentence. Id., doc. nos. 767, 794, 806, 823, 846. Subsequent to entry of judgment, the government moved for a sentence reduction under Rule 35 and 18 U.S.C. § 3553(e), which resulted in Judge Bowen lowering Petitioner's sentence on December 3, 2015, from 120 months imprisonment to ninety-six months imprisonment. Id., doc. nos. 873, 875. After receiving that reduction, Petitioner filed another unsuccessful motion to reduce his sentence. Id., doc. no. 876.

Petitioner signed the instant § 2255 motion on April 6, 2016, and the Clerk of Court filed it on April 8, 2016. (See doc. no. 1.) Petitioner raises one ground for relief, claiming

he is entitled to have his sentence reduced based on the recent Supreme Court decision of Johnson v. United States, 135 S. Ct. 2551 (2015). (See id.) Even if the Court were to assume, for the sake of argument, that the collateral attack waiver in Petitioner's plea agreement is not valid, Petitioner's current § 2255 motion is barred as untimely. The implicit argument for a later statute of limitations based on the decision date of Johnson, June 26, 2015, is without merit because Johnson does not apply to career offender enhancements under the sentencing guidelines.

## II. DISCUSSION

### A. Petitioner Is Not Entitled to Appointment of Counsel.

In the memorandum in support of his § 2255 motion, Petitioner asks for appointment of counsel "to evaluate his case and determine whether he qualifies for relief under the Supreme Court's recent decision in Johnson, in the interest of justice." (Doc. no. 1, p. 18.) There is no automatic constitutional right to counsel in habeas proceedings. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); United States v. Webb, 565 F.3d 789, 794 (11th Cir. 2009) (citing Barbour v. Haley, 471 F.3d 1222, 1227 (11th Cir. 2006)); Hooks v. Wainwright, 775 F.2d 1433, 1438 (11th Cir. 1985). Under 18 U.S.C. § 3006A(a)(2)(B), the Court may appoint counsel for an indigent litigant seeking relief under 28 U.S.C. § 2255, but such requests are discretionary when "due process or the 'interests of justice'" so require. Hooks, 775 F.2d at 1438; Norris v. Wainwright, 588 F.2d 130, 133 (5th Cir. 1979)[1]; see also

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions that were handed down prior to the close of business on September 30, 1981.

28 U.S.C. § 2255(g) and Rule 8(c) of the Rules Governing Section 2255 Cases in the United States District Courts (authorizing appointment of counsel pursuant to 18 U.S.C. § 3006A). Moreover, appointment of counsel is "a privilege that is justified only by exceptional circumstances[.]" McCall v. Cook, 495 F. App'x 29, 31 (11th Cir. 2012). In sum, "[e]xcept in rare and extraordinary cases where due process principles of fundamental fairness would be violated if counsel is not appointed," there is no federal constitutional right to appointed counsel. Donald E. Wilkes, Jr., Federal Postconviction Remedies and Relief Handbook § 2.2, at 145 (2015 ed.) (citations omitted).

The Court does not find any exceptional circumstances justifying the appointment of counsel. See McCall, 495 F. App'x at 31. Petitioner has had no problem communicating with the Court, as evidenced by his detailed § 2255 motion and supporting memorandum. Moreover, Petitioner requests counsel to evaluate whether he has a claim under Johnson, but as explained below, it is clear from the record that Johnson does not apply to Petitioner's case. Therefore, the request for appointment of counsel should be **DENIED**.

### B. The § 2255 Motion Is Untimely.

28 U.S.C. § 2255(f), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), provides a one-year statute of limitations for § 2255 motions that runs from the latest of four possible dates:

1. the date on which the judgment of conviction becomes final;

2. the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

3. the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

4. the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Petitioner's judgment of conviction was entered on October 8, 2013, and because Petitioner did not file a direct appeal, his convictions and sentence became final fourteen days later. See Mederos v. United States, 218 F.3d 1252, 1253 (11th Cir. 2000) (explaining where no timely notice of appeal is filed and motion for leave to file out of time appeal is denied, judgment of conviction final on expiration of deadline for filing notice of appeal); Fed. R. App. P. 4(b)(1). The December 3, 2015 Order reducing Petitioner's sentence pursuant to the government's Rule 35 motion does not alter or restart the limitations period. See Murphy v. United States, 634 F.3d 1303, 1309 (11th Cir. 2011). Therefore, the instant petition, executed on April 6, 2016 and outside of the one-year statute of limitations, is untimely.

Nor does Petitioner's mistaken reliance on Johnson, 135 S. Ct. 2551 (2015), qualify him for a later statute of limitations. In Johnson, the Supreme Court found the "residual clause" of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii) ("ACCA"), to be void for vagueness and a violation of the Constitution's guarantee of due process. Johnson, 135 S. Ct. at 2563. However, Johnson does not apply to Petitioner because he was not sentenced under the ACCA. Instead, Petitioner was sentenced as a career offender under § 4B1.1 of the advisory sentencing guidelines. PSI ¶ 23. Although the ACCA and

6

sentencing guidelines "include an identical residual clause that encapsulates crimes that 'present[] a serious potential risk of physical injury to another[,] 18 U.S.C. § 924(e)(2)(B) [&] U.S.S.G. § 4B1.2(a)(2)," Johnson does not apply to career offender enhancements under the sentencing guidelines. United States v. Matchett, 802 F.3d 1185, 1194 (11th Cir. 2015). This is because the vagueness doctrine under the Due Process Clause does not apply to the sentencing guidelines but is, instead, "limited to criminal statutes that define elements of a crime or fix punishments." Id. As Petitioner's sentence was not based on application of the ACCA's residual clause, Johnson is inapplicable and does not reset Petitioner's one-year statute of limitations.

Because Johnson is not applicable, there is no reason to hold the § 2255 motion in abeyance, as Petitioner requests, pending the decision of the Supreme Court in Welch, No. 14-15733 (11th Cir. June 9, 2015), *cert. granted*, No. 15-6418 (U.S. Jan. 8, 2016), as to whether Johnson applies retroactively.

### C. Petitioner Has Not Demonstrated He Is Entitled to Equitable Tolling or that a Fundamental Miscarriage of Justice Has Occurred.

Nevertheless, an otherwise untimely § 2255 motion may be considered if a petitioner can demonstrate that either he is entitled to equitable tolling or that a fundamental miscarriage of justice has occurred. Equitable tolling can be applied to prevent application of AEDPA's statutory deadline, but only if a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)); see also Lawrence v. Florida, 549 U.S. 327, 336

7

(2007). Nevertheless, equitable tolling is typically applied sparingly, Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000), and is available "only in truly extraordinary circumstances." Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003). The petitioner bears the burden of proving his entitlement to equitable tolling and will not prevail based upon a showing of either extraordinary circumstances or diligence alone; the petitioner must establish both. See Damren v. Florida, 776 F.3d 816, 821-22 (11th Cir. 2015).

Consideration of an otherwise untimely petition for federal habeas corpus relief may also be appropriate upon a showing that a "fundamental miscarriage of justice" has occurred, whereby "a constitutional violation has probably resulted in the conviction of one who is actually innocent." McQuiggin v. Perkins, 133 S. Ct. 1924, 1931 (2013) (citing Murray v. Carrier, 477 U.S. 478, 495-96 (1986)); see also Wyzykowski v. Dep't of Corr., 226 F.3d 1213, 1218-19 (11th Cir. 2000). The actual innocence exception "is exceedingly narrow in scope," and a time-barred petitioner seeking to invoke it must be able "(1) to present 'new reliable evidence . . . that was not presented at trial,' and (2) to show 'that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt' in light of the new evidence." Rozzelle v. Sec'y, Fla. Dep't of Corr., 672 F.3d 1000, 1011 (11th Cir. 2012) (citations omitted), *cert. denied*, 133 S. Ct. 351 (2012). As the Supreme Court emphasized, "The miscarriage of justice exception, we underscore, applies to a severely confined category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" McQuiggin, 133 S. Ct. at 1933 (emphasis added).

Here, Petitioner has not shown that extraordinary circumstances prevented him from timely filing his motion. Petitioner has not presented any evidence, much less new evidence, to suggest he did not commit the offense to which he pleaded guilty such that no reasonable juror would have convicted him. Indeed, Petitioner does not claim innocence of his crime of conviction, but rather claims he was improperly sentenced. To the extent Petitioner argues he timely filed his § 2255 motion based on the date of the Supreme Court's decision in Johnson, his contention is without merit because, as explained above, the decision in Johnson does not apply to Petitioner's case.

## III. CONCLUSION

Based on an initial review of the petition as required by Rule 4 of the Rules Governing Section 2255 Proceedings, the Court **FINDS** that Petitioner's motion is time-barred by the applicable one-year statute of limitations, and thus **REPORTS** and **RECOMMENDS** that the request for appointment of counsel be **DENIED**, the § 2255 motion be **DISMISSED** as untimely, and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 15th day of April, 2016, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA