ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2016 MAY -3 PM 3:12
CLERK [signature]
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| ANTONIO SMILEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 316-021 |
| | ) | (Formerly CR 312-003) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed, (doc. no. 4). The Magistrate Judge recommended dismissal of the motion filed pursuant to 28 U.S.C. § 2255 because Petitioner's conviction became final in 2013, the motion was not filed until 2016, and Johnson v. United States, 135 S. Ct. 2551 (2015) does not apply to re-start the one-year limitations period, as of the decision date. (See doc. no. 2.)

Petitioner was sentenced as a career offender under the advisory sentencing guidelines, not under the residual clause of the Armed Career Criminal Act ("ACCA") invalidated in Johnson. Although the sentencing guidelines and the ACCA have an identical residual clause, the Eleventh Circuit has determined Johnson does not apply to career offender enhancements under the sentencing guidelines. United States v. Matchett, 802 F.3d 1185, 1194 (11th Cir. 2015). Because this Court is bound by Circuit precedent, Petitioner's

arguments about why he thinks Matchett was wrongly decided does not change the result in this case. The Court is aware the Supreme Court recently held Johnson is a substantive decision retroactive in cases on collateral review. Welch v. United States, 136 S. Ct. 1257, 1265 (2016). There is no doubt Petitioner filed his motion within one year of the Johnson decision, but that fact does not save his motion from dismissal because Johnson does not apply to Petitioner's case. As such, the Court **OVERRULES** Petitioner's objections.

In light of Matchett, the Court finds no reason to grant Petitioner's alternative request to hold the § 2255 motion in abeyance pending the implementation of changes to the career offender guidelines. Accordingly, the Court **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion, **DENIES** Petitioner's request for appointment of counsel, and **DISMISSES** the § 2255 motion.

Further, a federal prisoner must obtain a certificate of appealability ("COA") before appealing the denial of his motion to vacate. This Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) to the Rules Governing Section 2255 Proceedings. This Court should grant a COA only if the prisoner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in the Report and Recommendation, and in consideration of the standards enunciated in Slack v. McDaniel, 529 U.S. 473, 482-84 (2000), Petitioner has failed to make the requisite showing. Accordingly, the Court **DENIES** a COA in this case.[1] Moreover, because there are no non-frivolous issues to raise on appeal, an appeal would not

---

[1] "If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) to the Rules Governing Section 2255 Proceedings.

be taken in good faith. Accordingly, Petitioner is not entitled to appeal *in forma pauperis*. See 28 U.S.C. § 1915(a)(3).

Upon the foregoing, the Court CLOSES this civil action.

SO ORDERED this 3rd day of May, 2016, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE