```
                                                    FILED
                                              U.S. DISTRICT COURT
                                                 AUGUSTA DIV.
```

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA   20 APR 28 PM 3:00
DUBLIN DIVISION

```
                                              CLERK
                                              SO. DIST. OF GA.
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 312-003-5 |
| | * | |
| ANTONIO SMILEY | * | |

**O R D E R**

In the present circumstance of the COVID-19 pandemic, inmates of federal prison facilities are understandably concerned. Some inmates are choosing to file motions with the Court for immediate release or to accelerate their placement on home confinement. Defendant Antonio Smiley has filed such a motion. The only provision by which a federal court can modify an imposed sentence is 18 U.S.C. § 3582(c).[1]

---

[1] Defendant contends that the courts have been given authority to grant home confinement in response to COVID-19 by virtue of a Memorandum from Attorney General William Barr to the Director of the Bureau of Prisons on March 26, 2020. *Available at* https://www.justice.gov/file/1262731/download (last visited Apr. 23, 2020). This Memorandum has no binding authority on federal courts. Rather, it demonstrates that the BOP is working to alleviate the effects of COVID-19 on its prisons' populations. Indeed, the Government has detailed the proactive measures undertaken by the BOP in its responsive brief. (Doc. No. 941, at 6-10.) Moreover, the BOP is better positioned than this Court to assess an individual inmate's eligibility for release.

Section 3582(c)(1)(A), commonly referred to as the "compassionate release" provision, provides a narrow path for a defendant in "extraordinary and compelling circumstances" to leave prison early. Prior to the First Step Act, only the Director of the Bureau of Prisons ("BOP") could bring a motion for compassionate release under this statute. However, Section 603(b) of the First Step Act amended § 3582(c)(1)(A) to permit a defendant to bring a motion for compassionate release after either exhausting administrative rights to appeal the BOP's failure to bring such a motion or the passage of thirty days from the defendant's unanswered request to the warden for such relief. 18 U.S.C. § 3582(c)(1)(A). In this case, Defendant does not show that he has complied with this process; his motion is therefore premature.

Moreover, the Court is constrained to follow the applicable policy statements issued by the United States Sentencing Commission in consideration of compassionate release. See 18 U.S.C. § 3582(c)(1)(A). The existing policy statement, U.S.S.G. § 1B1.13, provides that in addition to the existence of extraordinary and compelling reasons, the defendant must not present a danger to the safety of any other person or the community. Application Note 1 lists three specific examples of extraordinary and compelling reasons to consider reduction of a defendant's sentence under § 3582(c)(1)(A): (1) medical condition; (2) advanced age; and (3) family circumstances. Id. n.1(A)-(C).

2

Defendant has not met the specific criteria for any of these categories. The application note also provides a catch-all category: "**As determined by the Director of the Bureau of Prisons**, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the aforementioned three categories. Id. n.1(D) (emphasis added). The Court has not been made aware that the BOP Director has sanctioned Defendant's early release. In short, the Court must also deny Defendant's motion for compassionate release on the merits because he does not meet the specific examples of extraordinary and compelling reasons and the Director of the BOP has not determined that circumstances outside of these examples exist to afford him relief.

Upon the foregoing, Defendant Antonio Smiley's motion for early release (doc. no. 940) is hereby **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 28th day of April, 2020.

_____
UNITED STATES DISTRICT JUDGE